FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT GREENBELT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Civil Action No.

PERCY D. GIVENS.  )
6857 Arbor Lane  )
Bryans Road. Charles County,  )
Maryland, 20616  )
  )
Plaintiff,  )
  )
v.  )   Plaintiff's First Complaint
  )   (Demand for jury Trial)
CITIMORTGAGE INC.  )
Registered Agent  )
The Corporation Trust Inc.  )
300 E. Lombard Street.  )
Baltimore City,  )
Baltimore City Maryland,  )
21202  )
  )
Defendant,  )

NOW COMES Plaintiff and hereby complains of Defendants as follows:

INTRODUCTION

Plaintiff refinanced a home in January 2008. Being a hardworking and prudent man, Plaintiff paid off any indebtedness on the home. Subsequently, Plaintiff began to receive communications from Defendant Citimortgage Inc (hereinafter "Defendant") regarding an alleged indebtedness. Plaintiff asked Defendant to supply certain information to Plaintiff to confirm the validity of the alleged debt. Defendant has refused to respond to Plaintiff and has, in bad faith, failed to supply any of the requested information. Simultaneously, Defendant has sought to foreclose on Plaintiff's primary residence.

## JURISDICTION

1. Plaintiff is a resident and citizen of Charles County, Maryland and has been for at least six months preceding the filing of this action.

2. Upon information and belief, Defendant is a corporation formed under the laws of the State of Missouri and licensed to conduct business in the State of MARYLAND.

3. This Court has jurisdiction under federal question jurisdiction pursuant to 28 U.S.C.A. § 1331.

4. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

5. Plaintiff is the owner of real property located at 6857 Arbor lane. Bryans Road, MD 20616

6. On or about September 09, 2009 Defendant instituted a foreclosure action against Plaintiff, case number C09-2678 in Charles County, Maryland.

7. On or about October 16, 2009, Plaintiff requested verification of the debt Defendant alleged was owed.

8. Defendant Citimortgage Inc. has never responded to Plaintiff's request. More than thirty days has expired since Defendant Citimortgage Inc. received Plaintiff's request.

9. During the pendency of Plaintiff's request, Defendant continued to report a negative payment history to the three main credit bureaus.

10. Plaintiff has never executed an agreement or any contract with Defendant Citimortgage Inc. There is no privity of contract between the parties.

11. Defendant Citimortgage Inc. has never produced any documentation to establish that there is privity of contract amongst the parties.

12. Despite Plaintiff's requests, Defendant has never produced the promissory note that would be the basis for any indebtedness owed by Plaintiff to Defendant Citimortgage Inc.

13. Plaintiff is a consumer.

14. Defendant is a debt collector.

15. Defendant does not possess any promissory note signed by Plaintiff.

16. Plaintiff has consistently requested that Defendant produce a VERIFIED COPY of the promissory note and any accompanying documentation demonstrating how Defendant Citimortgage Inc. gained access and/or ownership of the promissory note.

17. Defendant proceeded with a foreclosure action in spite of the unresolved dispute regarding the validity of the allege Debt.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 USC 1692

18. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

19. Plaintiff sent a request for information to Defendant Citimortgage Inc. This request was made in good faith and done in an attempt to verify the debt Defendant alleged was owed.

20. Defendant's failure to respond was done in bad faith and in an attempt to allow Defendant to continue to seek to collect on an invalid debt.

21. Defendant Citimortgage Inc. has not and cannot prove that said Defendant ever was granted the contractual right to collect a debt from Plaintiff.

22. Even without the aforementioned proof, Defendant continued to seek to collect a debt from Plaintiff.

23. Defendant Citimortgage Inc. has failed to demonstrate that it has an original promissory note or VERIFIED COPY signed by Plaintiff or that any such note exists.

24. Defendant, while acting as a debt collector, engaged in conduct of which the natural consequence was to harass, oppress, or abuse Plaintiff regarding the attempts to collect a debt, the Defendant alleged was owed.

25. Defendant misrepresented the legal status of the alleged debt when seeking the foreclosure.

26. Plaintiff has suffered damages due to these violations. Said damages exceed $400,000.00.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C.A. § 1681

27. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

28. Plaintiff unequivocally advised Defendant Citimortgage Inc. that the debt was being disputed. Certain information was requested to assist in resolving the dispute.

29. Plaintiff also requested a validation of the debt.

30. Defendant Citimortgage Inc. failed to respond to Plaintiff's request and simultaneously continued to report negative information to the three major credit reporting agencies.

31. Plaintiff has suffered damage to his credit score, limited access to credit and emotional damages all of which are in excess of $400,000.00

## THIRD CAUSE OF ACTION
## EXTORTION, 18 U.S.C.A. § 1951

32. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

33. Defendant Citimortgage Inc. has sought to collect money and/or property from Plaintiff when Plaintiff is under no contractual obligation to pay Defendant Citimortgage Inc. anything.

34. By instituting the foreclosure action, Defendant Citimortgage Inc. has sought to obtain property from Plaintiff without Plaintiff's consent or under color of official right.

35. As a result of Defendant Citimortgage Inc. actions, Plaintiff has suffered damages in excess of $400.000.00

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE UNFAIR OR DECEPTIVE TRADE PRACTICES ACT,
## TITLE 13 § 13-303 OF THE MARYLAND CODE

36. Plaintiff reincorporates and realleges all previous allegations as if set forth fully herein.

37. Defendants knew or should have known that they needed to produce the original promissory note or a VERIFIED COPY allegedly executed by Plaintiff.

38. Defendants knew or should have known that Plaintiff would suffer damages as a result of Defendant's improper attempts to collect on the promissory note that was never produced.

39. Defendant's misrepresentations were intentional and were a material fact in convincing the Clerk of Court to proceed with the foreclosure of Plaintiff's home.

40. Defendants' conduct constituted "unfair or deceptive practice" pursuant to Title 13, §13-301 and § 13-303 of the Maryland Code.

41. Defendant's conduct created likelihood of confusion and/or of misunderstanding for Plaintiff.

42. Plaintiff suffered damages as a proximate result of Defendant's conduct.

43. The acts, practices, and/or omissions of Defendant proximately caused economic injury to Plaintiff affecting commerce; have the capability to deceive an ordinary consumer; are unscrupulous, immoral, and oppressive; and constitute unfair and deceptive trade practices in violation of Title 13 § 13-303 of the Maryland Code thereby entitling Plaintiff to treble his actual damages pursuant to Title 21 § 21-404 of the Maryland Code.

WHEREFORE, Plaintiff prays to the Court as follows:

1. That this verified Complaint be treated as an affidavit upon which the Court may base future orders.
2. For a monetary judgment against Defendants in excess of $400,000.00
3. For an Order requiring Defendant to be enjoined from any further foreclosure actions against Plaintiff's residence.
4. For an Order requiring Defendant to cancel all liens on Plaintiff's residence.
5. For an Order requiring Defendant to remove all references to any mortgage with Defendant from Plaintiff's credit report.
6. For a jury trial on all issues so triable.
7. For such other and further relief as the Court deems just and proper.

This the 18 day of May, 2010

*Percy Givens*
Percy D. Givens
6368 Coventry Way #366
Clinton, Maryland 20735
240-346-5297

## VERIFICATION

The undersigned verifies, under penalty of perjury, that he has reviewed the aforementioned COMPLAINT and asserts that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the __18__ day of May, 2010.

_Percy Givens_
Percy D. Givens

NOTEARY PUBLIC

Sworn to and subscribed to me:

_Marguerite Chialastri_
NOTARY PUBLIC

My commission expires: _Aug. 7, 2013_

State of Maryland
County of Charles

Marguerite Chialastri
My commission expires

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing complaint has been served on the parties as listed below, by certified mail, return receipt requested.

CitiMortgage, Inc.
Corporation Trust Incorporated
Registered Agent
300 E. Lombard, Street.
Baltimore Md. 21202

_Percy Givens_
Percy D. Givens
6368 Coventry Way #366
Clinton, Maryland 20735
240-346-5297